IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Haiying Liu,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | Case No.: 4:25-cv-1220<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR A JURY TRIAL** |

## COMPLAINT

Plaintiff Haiying Liu ("Plaintiff") brings this action against the Partnerships and Unincorporated Associations identified in Schedule A (collectively, "Defendants") and alleges as follows:

1. Plaintiff Haiying Liu ("Plaintiff") brings this action against Defendant pursuant to 35 U.S.C. §§ 1 et seq., 271, 281, 283, 284, and 285 for infringement of one or more claims of Plaintiff's U.S. patent, attached hereto as **Exhibit A** (the "Asserted Patent"). A true and correct copy of the Asserted Patent is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to the Patent Act, 35 U.S.C. § 1 et seq., and 28 U.S.C. §§ 1331 and 1338(a)–(b).

3. This Court has personal jurisdiction over Defendants because each Defendant directs business activities toward consumers in the United States, including within the State of Texas, through the Online Marketplace Accounts identified in Schedule A attached hereto (collectively,

the "Defendant Internet Stores") and related instrumentalities through which they advertise, offer to sell, sell, import, distribute, supply, fulfill, or otherwise facilitate the accused products. Defendants thereby cause products accused of infringing Plaintiff's United States patent attached hereto as **Exhibit A** (the "Asserted Patent") to be offered for sale and sold to residents of Texas, including within this District. Each Defendant targets this forum by accepting payment in U.S. dollars, enabling or causing the accused products to be shipped into this District, and, on information and belief, importing and selling such products as shown in **Exhibit B**. Defendants have thereby committed acts of infringement in Texas, engaged in interstate commerce, and caused substantial injury to Plaintiff in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the defendants in this action are not residents of the same state and Defendants are subject to this Court's personal jurisdiction. Thus any district of any state in which any defendant is subject to the court's personal jurisdiction is proper for this action.

5. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because Defendants include foreign entities or entities nominally registered in the United States but operating principally from abroad engaged in infringing activities that cause harm in this District by advertising, offering to sell, selling, and/or shipping accused products to consumers in this District.

6. Venue is further proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents are subject to the Court's personal jurisdiction and therefore may be found in this District.

**JOINDER**

7. Joinder of the Defendants identified in Schedule A is proper. The claims against all

Defendants arise from their involvement in the importation, distribution, marketing, or sale of the same accused product alleged to infringe the Asserted Patent.

8. Common questions of fact therefore exist with respect to all Defendants, including whether the accused product practices the elements of the Asserted Patent and whether Defendants' coordinated roles in the supply and sales chain give rise to infringement and any defenses thereto.

9. Defendants' conduct is interrelated. While some Defendants operate consumer-facing Internet stores, others facilitate the sourcing, fulfillment, or distribution of the accused product. Together, they act in concert or under common control to introduce the same accused product into U.S. commerce.

10. Proceeding jointly promotes judicial economy, avoids inconsistent adjudications, and does not prejudice any Defendant.

**INTRODUCTION**

11. This action is brought by Plaintiff to stop infringers who, without authorization or license, import, distribute, market, and sell the product identified in **Exhibit B** (the "Accused Product") that infringes the Asserted Patent. Defendants utilize the Defendant Internet Stores to present themselves as legitimate sellers, while in fact offering the Accused Product to unsuspecting consumers. The Defendant Internet Stores share common identifiers, including overlapping product images, descriptions, and marketing elements, demonstrating that Defendants' conduct arises from the same transaction, occurrence, or series of transactions or occurrences. Defendants further seek to avoid liability by concealing their true identities and the scope of their coordinated operations. Plaintiff is compelled to initiate this action to prevent ongoing infringement of the Asserted Patent and to protect consumers from purchasing infringing

goods online. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer irreparable harm through the loss of its lawful patent rights to exclude others from making, using, offering for sale, selling, and importing the patented invention, and therefore seeks injunctive and monetary relief.

## THE PARTIES

12. Plaintiff Haiying Liu ("Plaintiff") is an individual residing in China. Plaintiff is the owner of all rights, title, and interest in and to the Asserted Patent.

13. Plaintiff has not granted a license or any other form of permission to Defendants with respect to the Asserted Patent.

14. Upon information and belief, Defendants identified in Schedule A conduct business throughout the United States, including within the State of Texas and this Judicial District, through the operation or facilitation of the Defendant Internet Stores. Defendants act in concert to advertise, distribute, and sell the accused product into the United States, including Texas, and their coordinated roles in the supply and sales chain give rise to infringement of the Asserted Patent. Tactics used by Defendants to conceal their identities and the scope of their operations make it difficult for Plaintiff to ascertain their true identities and the full extent of their infringement. Plaintiff reserves the right to amend this Complaint as additional information becomes available.

15. Defendants are individuals and business entities, including foreign companies or entities nominally registered in the United States but operating principally from abroad, who conduct business in the United States by offering or facilitating the sale of the accused product through the Defendant Internet Stores. Each Defendant targets the United States, including Texas, and has offered to sell, and, on information and belief, has sold and continues to sell the accused product to consumers within this District. Each Defendant has caused accused products to be

imported, distributed, or shipped into this District as reflected in **Exhibit B**.

16. On information and belief, Defendants are an interrelated group of infringers working in active concert to make, use, offer for sale, sell, and/or import into the United States the same accused product that infringes the Asserted Patent in the same transaction, occurrence, or series of transactions or occurrences.

17. On information and belief, Defendants go to great lengths to conceal their identities and often use multiple names and addresses to register and operate the Defendant Internet Stores. On information and belief, Defendants regularly create new marketplace accounts using the identities listed in Schedule A.

18. Such tactics are consistent with the practices of infringers familiar to Plaintiff, who typically close or abandon one Internet store only to open another under a different name, making enforcement of Plaintiff's patent rights difficult.

19. Further, infringers such as Defendants often operate multiple merchant and payment accounts behind layers of intermediaries so that they can continue operating despite enforcement efforts. On information and belief, Defendants maintain off-shore accounts and move funds to accounts outside the jurisdiction of this Court.

20. Without authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and/or imported into the United States the accused product that infringes the Asserted Patent, and continue to do so through the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Texas, and, on information and belief, Defendants have caused the accused product to be sold and shipped into this District as shown in **Exhibit B**.

21. Defendants' infringement of the Asserted Patent in connection with the importation,

offering for sale, and sale of the accused product has been willful.

22. Defendants' infringement of the Asserted Patent, including the offering for sale and sale of the accused product into Texas, is irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT
## (35 U.S.C. § 271)

23. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

24. Defendants have offered for sale, sold, and/or imported into the United States, for subsequent resale or use, the accused products identified in **Exhibit B** (the "Accused Products") that infringe the Asserted Patent. Claim charts showing the infringement of the Asserted Patent are attached as **Exhibit C**.

25. Defendants' aforesaid acts constitute infringement of the Asserted Patent under 35 U.S.C. § 271. Defendants have engaged in such infringing conduct and will continue to do so unless enjoined by this Court.

26. Defendants' infringing conduct has caused and will continue to cause Plaintiff irreparable harm, including the loss of Plaintiff's lawful right to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

27. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in concert with them from infringing the Asserted Patent, Plaintiff will continue to be greatly and irreparably harmed.

28. Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement, together with interest and costs, pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a) making, using, offering for sale, selling, and importing into the United States any products not authorized by Plaintiff that infringe the Asserted Patent;

    b) aiding, abetting, contributing to, or otherwise assisting anyone in infringing the Asserted Patent; and

    c) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

B. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com, Temu.com, eBay.com, Walmart.com, Wayfair.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers"), shall:

    a) disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Asserted Patent;

    b) disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods covered by the Asserted Patent; and

    c) take all steps necessary to prevent links to the Defendant Internet Stores identified on

    Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

C. That Plaintiff be awarded such damages as will adequately compensate Plaintiff for Defendants' infringement of the Asserted Patent, together with an accounting of all profits realized by Defendants, or others acting in concert or participation with them, from the unauthorized use and infringement of the Asserted Patent.

D. That Plaintiff be awarded enhanced damages, up to three times the amount of actual damages and Defendants' profits, pursuant to 35 U.S.C. § 284, based on Defendants' willful infringement.

E. That Plaintiff be awarded its reasonable attorneys' fees and costs as permitted by law.

F. That Plaintiff be awarded any and all other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

DATED:   November 6, 2025              Respectfully submitted,

By:   <u>/s/ *Jianchao Li*</u>
Jianchao Li
LEAD ATTORNEY
CA. Bar No. 357591
LawMay P.C.
2108 N St., Ste.9124
Sacramento, CA 95816
Telephone: 213-271-6014
Email: peterli@lawmayus.com

<u>/s/ *Yi Yi*</u>
Yi Yi
LEAD ATTORNEY
CA. Bar No. 353482
LawMay P.C.
2108 N St., Ste.9124
Sacramento, CA 95816
Telephone: 747-241-3130
Email: yiyi@lawmayus.com

<u>/s/ *Mingbo Ye*</u>
Mingbo Ye
LEAD ATTORNEY
TX. Bar No. 24124835
VERITAS LIGHT LAW GROUP, P.C.
2108 N ST STE N,
Sacramento CA 95816
Telephone: 832-462-0087
Email: mingboye@veritaslightlaw.com

<u>/s/ *Roumin Xie*</u>
Roumin Xie
LEAD ATTORNEY
TX. Bar No. 24146927
VERITAS LIGHT LAW GROUP, P.C.
2108 N ST STE N,
Sacramento CA 95816
Telephone: 510-207-0763
Email: rouminxie@veritaslightlaw.com

*Attorneys for Plaintiff Haiying Liu*